### WALKER et v RESCH et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9454.  Decided March 11, 1929

John J. Moore and Jesse Stephens, both of Cleveland, for Walker.

Allison M. Gibbons, Cleveland, for Resch.

**SULLIVAN, PJ.**

From an examination of the evidence it is clear that Mrs. McBurney was the broker who negotiated the transaction concerning the lease between Mary Resch and the plaintiffs. This fact is largely determinative of the issue as to whether plaintiffs had any knowledge of the prior execution of an unrecorded lease from Mary Resch to Mrs. McBurney. The conclusion is irresistible, from the record, that during the negotiations of this lease, Mrs. McBurney, with the plaintiffs present, made no mention of what she now claims, to-wit, that a prior lease for a portion of the rear of the lot had been executed to her. From such a situation it became imperative on the theory of self-preservation at least that the plaintiffs should have been made aware by the broker who herself had full knowledge, of her own prior right in the disputed territory. It is hard to account for the non-disclosure by the broker of such a paramount fact because the necessity of the occasion required that the existence of the prior lease be exposed as a fact to the plaintiffs; otherwise the plaintiffs might have refused to have gone forward to a conclusion of the negotiations.

Another element which is determinative to a large degree, of the issue in the case, is the fact that the attorney for Mary Resch, who drew the papers made memoranda of all exclusions and exceptions, excepting the reservation of the territory claimed by the prior lease. This able counsel drew the lease between Mary Resch and the plaintiffs and there is no mention of the exclusion of the disputed territory in the lease, even though counsel was meticulous in respect to all other qualifications and exceptions growing out of the mutual understanding. In addition to these two weighty circumstances the plaintiffs themselves positively deny that there was any understanding or knowledge on their part as to the exclusion from their lease of the building and premises, of the property claimed to be eliminated in the rear of the building.

From the record there is no basis for the claim of mutual mistake. This doctrine can only apply providing the record furnishes the proof that notwithstanding the conflict in the testimony, that the plaintiffs and Mary Resch originally made a mutual mistake which they asked the court to correct.

The sanctity of a written instrument such as the leasehold to the plaintiffs, is of such a character that it stands impregnable as against proof which falls short under the entire record, of being clear and convincing.

Under **GC. 8543**, where the plaintiffs had no knowledge of the existence of the former instrument, they have the protection of the statute which provides that all instruments of writing for the conveyance or encumbrance of lands, shall be recorded in the office of the Recorder and until so recorded they shall be deemed fraudulent so far as they relate to the subsequent bona fide purchaser having at the time of purchase no knowledge of the existence of such formal deed or instrument. That this section also applies to leases there can be no doubt.

In the discussion of this case we do not forget that the defendant, McBurney in addition to no record of her lease, was not in possession of the premises and there was no source of information but from the owner of the property or the contending lessee, for the protection of the plaintiffs.

Of course there is no question but that an instrument of writing containing an erroneous description will be reformed but only when the evidence clearly shows such a mistake.

**Broadwell vs Phillips, 30 OS. 255.**
3rd Longsdorf's Notes 528.
"Reformation will be granted only on clear and convincing evidence." Geiss vs Shepherd 1st Dayton Forms Rep. (Iddings) p. 90.

On the question of mutuality of mistake, in order to reform a deed a preponderance of the evidence is not sufficient. There must be clear and convincing proof, and the supreme court will examine the record to ascertain if the necessary quantity and quality of the evidence has been submitted to the court.

**Stewart vs. Gordon, 60 OS. 170.**
4th Longsdorf Notes 781.
Thus holding a decree may be entered in favor of the plaintiffs. Order See Journal.

Vickery, PJ, and Levine, J, concur.